## CITY OF PADUCAH et al. v. GREEN.

Court of Appeals of Kentucky.

June 19, 1953.

Rehearing Denied Oct. 16, 1953.

Earle T. Shoup, Paducah, for appellants.

Williams & Hines, Paducah, William C. Allen, Marion, for appellee.

CLAY, Commissioner.

This is a suit against the City of Paducah and the Board of Trustees of the Appointive Employees Pension Fund to recover pension payments allegedly due. The trial court found for the plaintiff, appellee, and ordered payments continued as long as appellee remained disabled according to the terms of the Paducah Civil Service Ordinance.

Appellee was employed as an elevator operator by the city in October 1949. Ten days after he began work he suffered an injury to his foot which temporarily totally disabled him. He was paid his regular salary until January 15, 1950, and in August of that year the Board allowed him a pension of $65 a month, retroactive to January 15, which was one-half of his regular salary. This allowance was apparently made under section 25(b) of the Civil Service Ordinance, which relates to permanent disability, although the Board would have been justified in making the allowance under subsection (a) of this section which relates to temporary total disability.

On November 30, 1950, the Board, on the basis of information concerning appellee's activities, terminated the pension. It is apparent from the pleadings and the proof that on such date and since that time appellee has been gainfully employed on a full-time basis, and his earnings have been in excess of what his salary would have been.

In spite of these facts, however, it was and is appellee's contention that the Board could not terminate his pension without a specific finding by a competent physician that he was *capable* of being so gainfully employed. The case turns upon the construction of the following language in section 25(b) of the Civil Service Ordinance:

"Such pension shall cease if the Board of Trustees on the basis of competent medical advice finds that the employee has been restored to mental or physical health so that he or she is capable of being gainfully employed on a full time basis."

The Board in effect found that appellee had sufficiently recovered from his injury so that he was, as a matter of fact, capable

of being employed on a full-time basis. Such conclusion, however, was not based upon competent medical advice. The question narrows down to whether or not, under the language of the ordinance, competent medical advice is a condition precedent to the right of the Board to terminate any pension. Under the circumstances shown, we do not believe it is.

Obviously the purpose of such a pension is to furnish a measure of support to one who is disabled and unable to earn an income comparable to that cut off by the disability. It is not a retirement pension, but is more in the nature of workmen's compensation. The underlying reason for the allowance disappears when the employee has sufficiently recovered from his injury so that he is able to enter the labor market and to realize substantial earnings. We think the most significant language of the ordinance concerns the ability of the employee again to take up regular gainful employment, not the capability of doing so as shown by medical evidence.

Where the facts conclusively show that the employee is so gainfully employed and his income is at least as much or greater than his former salary, the presumption is that he is capable of doing what he actually is doing, and consequently a medical certification of his capability would be a vain and useless requirement. It would be an unreasonable construction to give a technical requirement more force than the substantive condition upon which a pension shall cease. If the employee is not in fact gainfully employed, then the quoted language would require competent medical advice before terminating the pension. However, when other facts clearly demonstrate the capability of being gainfully employed, the opinion of an expert could neither add to nor detract from the situation otherwise shown to exist.

It is, therefore, our opinion that under the circumstances shown by the record, the medical advice provided for in the ordinance was unnecessary, and the Board acted within its powers in terminating the pension on November 30, 1950. Other questions raised by appellants we do not consider it necessary to pass upon.

The judgment is reversed for consistent proceedings.